IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | | |
|---|---|---|
| **DEMETRUIS DELFON CARTER,** | : | |
| **Plaintiff,** | : | |
| VS. | : | |
| | : | CIVIL No: 7:15-CV-13-HL-TQL |
| **Warden MARTY ALLEN,** *et al.*, | : | |
| **Defendants.** | : | |

### ORDER

Plaintiff Demetruis Delfon Carter has filed a motion to proceed *in forma pauperis* ("IFP") on appeal (ECF No. 36) from the Court's September 10, 2015 Order adopting the United States Magistrate Judge's recommendation and dismissing certain of Plaintiff's claims against Defendants (ECF No. 25). Pursuant to 28 U.S.C. § 1915(a)(1), a court may authorize an appeal of a civil action or proceeding without prepayment of fees or security therefor if the putative appellant has filed "an affidavit that includes a statement of all assets" and "state[s] the nature of the . . . appeal and [the] affiant's belief that the person is entitled to redress."[1]  If the trial court certifies in writing that the appeal is not taken in good faith, however, such appeal may not be taken *in forma pauperis*. 28 U.S.C. § 1915(a)(3); *see also* Fed. R. App. P. 24(a)(3) ("A party who was permitted to proceed in

---

[1] Federal Rule of Appellate Procedure 24 similarly requires a party seeking leave to appeal *in forma pauperis* to file a motion and affidavit that establishes the party's inability to pay fees and costs, the party's belief that he is entitled to redress, and a statement of the issues which the party intends to present on appeal. Fed. R. App. P. 24(a).

forma pauperis in the district-court action . . . may proceed on appeal in forma pauperis . . . unless . . . the district court . . . certifies that the appeal is not taken in good faith[.]"). "Good faith" means that an issue exists on appeal that is not frivolous under an objective standard. *See Coppedge v. United States*, 369 U.S. 438, 445 (1962). "An issue is frivolous when it appears that 'the legal theories are indisputably meritless.'" *Ghee v. Retailers Nat'l Bank*, 271 F. App'x 858, 859 (11th Cir. 2008) (per curiam) (quoting *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993)).

While the good-faith test under Section 1915 does not require a preliminary showing of any particular degree of merit, the examining court must at least be able to determine from the IFP application whether the appeal involves legal points arguable on their merits. *DeSantis v. United Techs. Corp.*, 15 F. Supp. 2d 1285, 1289 (M.D. Fla. 1998) (citations omitted) (adopting U.S. Magistrate Judge's recommendation's findings as to IFP application). In this case, the Court cannot determine whether Plaintiff's appeal meets the good faith requirements of § 1915 because Plaintiff submitted only information regarding his finances and no information regarding his reasons for appealing. The Court therefore **ORDERS** Plaintiff to supplement his motion to explain his issues on appeal no later than **TWENTY-ONE (21) days** from the date of this Order.

Failure to timely comply with this Order may result in denial of Plaintiff's Motion.

SO ORDERED this 4th day of November, 2015.

<u>s/ Hugh Lawson</u>
HUGH LAWSON, SENIOR JUDGE